[No. 12807-8-I. Division One. August 26, 1985.]

MARY RICE ROBERTS KLEIN, *as Administratrix and Personal Representative, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*

*MacDonald, Hoague & Bayless* and *Peter H. Koehler, Jr.*, for appellant.

*Douglas N. Jewett, City Attorney,* and *J. Roger Nowell, Assistant,* for respondent.

WILLIAMS, J.—Mary Klein, as administratrix of the estate of her daughter, Wyn Roberts, brought this wrongful death survival action against the City of Seattle. The jury answered a special verdict form that the City was negligent but that the City's negligence was not a proximate cause of Roberts's death. Judgment was entered on the verdict, and Klein appeals. The trial court struck portions of the City's cost bill; the City cross–appeals.

At approximately 11:30 p.m. on November 2, 1978, Wyn Roberts was killed in a head–on collision on the West Seattle Bridge. At that time, westbound traffic was being detoured over one–half of what had been an eastbound bridge. The speed limit was 30 miles per hour, and it was raining steadily. Michael Mullens's eastbound car was traveling between 49 and 63 miles per hour when it went out of

control, crossed the center line of the bridge, and struck Roberts's westbound car. Mullens later submitted to a chemical analysis of his breath, which indicated a blood alcohol content of .04 percent.

The court instructed the jury, *inter alia*:

If you find that the defendant was negligent but that the sole proximate cause of the Wyn Roberts' death was a later independent intervening act of a person not a party to this case that the defendant, in the exercise of ordinary care, could not reasonably have anticipated as likely to happen, the defendant's original negligence is superseded by the intervening act and is not a proximate cause of her death. However, if in the exercise of ordinary care, the defendant should reasonably have anticipated the intervening act, it does not supersede defendant's original negligence and defendant's negligence is a proximate cause.

It is not necessary that the sequence of events or the particular result be foreseeable. It is only necessary that the result fall within the general field of danger which the defendant should reasonably have anticipated.

Instruction 7; Clerk's Papers, at 34.

A city has a duty to exercise ordinary care in the design, and maintenance of its public roads to keep them in such a condition that they are reasonably safe for ordinary travel by persons using them in a proper manner and exercising ordinary care for their own safety.

If there is an inherently dangerous or deceptive condition on the roadway, the duty of ordinary care includes the duty of erecting and maintaining proper warning signs where necessary.

Instruction 8; Clerk's Papers, at 35.

All parties including the City have the right to assume that persons using the public streets will comply with the law and will use them with due regard for their own safety and for the safety of others.

Instruction 9; Clerk's Papers, at 36.

Klein contends that the trial court committed reversible error by giving instruction 9 because it misstated the law regarding the foreseeability of a third party's negligence, *Smith v. Acme Paving Co.*, 16 Wn. App. 389, 396, 558 P.2d

811 (1976), and was inconsistent with and contradictory to instruction 7, *see Hall v. Corporation of Catholic Archbishop,* 80 Wn.2d 797, 804, 498 P.2d 844 (1972).

■ Instruction 9 is a correct statement of the law, *Kelsey v. Pollock,* 59 Wn.2d 796, 370 P.2d 598 (1962), usually given in the context of persons driving upon the roadways. *See* WPI 70.06, 6 Wash. Prac. 309 (1980). It was not meant to define the duty to be assumed by the City in the design and maintenance of its roads. That is supplied by instruction 8. Even so, the effect of giving instruction 9 had no bearing upon the outcome of the case because the City's negligence was not, as a matter of law, a proximate cause of Roberts's death.

On that subject, our Supreme Court recently stated:

> It is quite possible, and often helpful, to state every question which arises in connection with "proximate cause" [legal causation] in the form of a single question: was the defendant under a duty to protect the plaintiff against the event which did in fact occur?

(Footnote omitted.) *Hartley v. State,* 103 Wn.2d 768, 779, 698 P.2d 77 (1985) (quoting W. Prosser, *Torts* § 42, at 244 (4th ed. 1971)). The City was under no duty to protect Roberts from the extreme carelessness of Mullens. As a matter of public policy, the City cannot be expected to guard against this degree of negligent driving. *See Newell v. Darnell,* 209 N.C. 254, 183 S.E. 374 (1936). To impose liability on the City under these circumstances would:

> force the construction of our highways, not for the use and safety of the reasonably prudent motorist, but solely for the purpose of protecting that motorist from the depredations and negligence of the reckless, careless and drunken operator. No such insurance policy has been or can be imposed upon the defendant.

*Warda v. State,* 45 Misc. 2d 385, 388, 256 N.Y.S.2d 1007, 1010 (1964).

■ In its cross appeal, the City contends that when a defendant makes an offer of judgment, which is rejected, and prevails at trial, he is entitled to attorney fees under

RCW 4.84.250 (1979) and .270 (1979). Although these statutes are, perhaps, susceptible of the interpretation urged by the City, the obvious intent of the Legislature was that they apply only to actions for small claims—where the amount pleaded by the plaintiff is $1,000[1] or less. *See Northside Auto Serv., Inc. v. Consumers United Ins. Co.,* 25 Wn. App. 486, 492, 607 P.2d 890 (1980). The trial court correctly struck from the City's cost bill the $3,000 attorney fee request.

Affirmed.

COLEMAN, J., concurs.
RINGOLD, J., concurs in the result.

Review denied by Supreme Court November 22, 1985.

---

[1]This amount has since been increased to $10,000. RCW 4.84.250.