[No. 21064-5-I. Division One. January 30, 1989.]

PAMELA L. BRAEGELMANN, as *Administratrix, Appellant*, v. THE COUNTY OF SNOHOMISH, *Respondent*.

*Ronald L. Castleberry* and *Newton, Kight, Novack, Adams & Castleberry,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Linda Krese, Deputy; Margaret A. Morgan* and *Bassett & Morrison, P.S.,* for respondent.

SCHOLFIELD, J.—The plaintiff, Pamela Braegelmann, appeals the trial court's order granting the defendant Snohomish County's motion for summary judgment, dismissing Braegelmann's case against the County. We affirm.

## FACTS

On August 18, 1985, at approximately 7:30 a.m., Marvin Braegelmann was driving his pickup westbound on 140th Street N.W. (commonly known as Fire Trail Road). His minor daughter, Lynn Braegelmann, was riding as a passenger in the truck. Fire Trail Road is a 2–way gravel road running east and west, with no center line. The posted speed limit on the road was 25 m.p.h.

Also at this time, Harry Tom was driving eastbound on Fire Trail Road at an estimated speed of 40 m.p.h. and in a highly intoxicated condition. He had been drinking heavily since early in the evening of August 17, 1985. As Tom "crested the top of a hill on the left–hand side of the road, completely on the wrong side of the road," he struck the Braegelmann vehicle virtually head on. Marvin Braegelmann, whose speed at impact was estimated at 27.7 m.p.h., was killed instantly and his daughter, Lynn, was seriously injured. An analysis of blood samples taken from Tom shortly after the accident showed a blood alcohol level of

.19 percent. Tom was arrested, pleaded guilty, and was sentenced for vehicular homicide.

On December 24, 1985, Pamela Braegelmann, as administratrix of the estate of her deceased husband, Marvin Braegelmann, and as guardian ad litem for her minor daughter, Lynn Braegelmann, filed a complaint against both Tom and Snohomish County. The complaint alleged negligent driving by Tom and negligent construction, design and maintenance of the road by the County. A default judgment was entered against Tom on September 24, 1987, in the amount of $3.3 million. On May 22, 1987, the County filed a motion for summary judgment of dismissal. On July 24, 1987, the trial court granted the County's motion. Braegelmann promptly filed a motion for reconsideration, which was denied. This appeal timely followed.

### BASIS OF SUMMARY JUDGMENT

On review of an order granting summary judgment, the appellate court must engage in the same inquiry as the trial court. *Wojcik v. Chrysler Corp.,* 50 Wn. App. 849, 854, 751 P.2d 854 (1988) (citing *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Wojcik,* 50 Wn. App. at 853. A material fact is one upon which the outcome of the litigation depends. *Wojcik,* 50 Wn. App. at 853. The reviewing court must accept all facts as true and consider all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wojcik,* 50 Wn. App. at 853. An inference is "a 'process of reasoning by which a fact or proposition sought to be established is deduced as a *logical consequence* from other facts, or a state of facts, already proved or admitted'." *Wojcik,* 50 Wn. App. at 853 (quoting *Dickinson v. Edwards,* 105 Wn.2d 457, 461, 716 P.2d 814 (1986)). A summary judgment motion should be granted only if, from

all of the evidence, reasonable persons could reach but one conclusion. *Wojcik,* 50 Wn. App. at 854.

The party moving for summary judgment bears the initial burden of offering factual evidence showing that there is no genuine issue of material fact that could influence the outcome at trial and that it is entitled to judgment as a matter of law. *Hash v. Children's Orthopedic Hosp. & Med. Ctr.,* 110 Wn.2d 912, 915, 757 P.2d 507 (1988); *Baumgart v. Grant Cy.,* 50 Wn. App. 671, 673, 750 P.2d 271 (1988); *Lobak Partitions, Inc. v. Atlas Constr. Co.,* 50 Wn. App. 493, 504, 749 P.2d 716 (1988).

██ Generally, proximate cause is an issue for the trier of fact and is not susceptible to summary judgment. *Wojcik,* 50 Wn. App. at 854. However, proximate cause may be a question of law for the court and subject to summary judgment if the facts are undisputed, the inferences are plain and inescapable, and reasonable minds could not differ. *Thompson v. Devlin,* 51 Wn. App. 462, 466, 754 P.2d 1003 (1988) (citing *Petersen v. State,* 100 Wn.2d 421, 436, 671 P.2d 230 (1983)).

Proximate cause consists of two elements: cause in fact and legal causation. *Thompson,* 51 Wn. App. at 466.

Cause in fact refers to the actual ("but for") consequences of an act: "but for" the defendant's act, the plaintiff would not have been injured. *Hartley [v. State,* 103 Wn.2d 768, 778, 698 P.2d 77 (1985)]; *King v. Seattle,* 84 Wn.2d 239, 249, 525 P.2d 228 (1974). The cause in fact determination is not appropriate for summary judgment unless there is but one reasonable conclusion. *Hartley,* at 778.

*Baumgart,* 50 Wn. App. at 673.

██ Legal causation, on the other hand, requires a determination of whether liability should attach as a matter of law, given the existence of cause in fact. *Hartley v. State,* 103 Wn.2d 768, 779, 698 P.2d 77 (1985). Determining factors in resolving an issue of "legal causation" have been

described as "mixed considerations of logic, common sense, justice, policy, and precedent." *King v. Seattle,* 84 Wn.2d 239, 250, 525 P.2d 228 (1974) (quoting 1 T. Street, *Foundations of Legal Liability* 110 (1906)). One of the policy considerations is how far the consequences of defendant's acts should extend. *Hartley,* at 779. In *Hartley,* the court held the State was not liable to the estate of a person killed by a drunk driver. The drunk driving was the cause in fact of the death, but the court said, "[T]he failure of the government to revoke Johnson's license is too remote and insubstantial to impose liability for Johnson's drunk driving." *Hartley,* 103 Wn.2d at 784.

Braegelmann argues the materials she submitted in resisting the County's motion for summary judgment raised a material factual issue as to whether the County's design and maintenance of Fire Trail Road was a proximate cause of the accident and resulting damages. She stresses evidence provided by expert witnesses that the highway design was improper and did not afford Marvin Braegelmann sufficient sight distance. The posted speed limit was 25 m.p.h., and one expert testified that the maximum safe speed for the highway as designed was between 18 and 19 m.p.h. The expert also opined that in order to provide adequate sight distance at 25 m.p.h., the crest of the hill should have been 3 feet lower.

The County concedes, for purposes of summary judgment, that it was negligent in the design and maintenance of Fire Trail Road, and agrees that it has the burden of showing initially that there are no issues of material fact requiring resolution. The County argues that it satisfied this burden by demonstrating that, as a matter of law, the County had no duty to foresee and protect Marvin Braegelmann against the extremely reckless driving of Tom involved in this case. If the County is correct, then the design and construction of the roadway was not the legal cause of the accident.

■ In support of its argument that it had no duty to foresee and protect against conduct such as Tom's, the County relies upon *Klein v. Seattle,* 41 Wn. App. 636, 705 P.2d 806 (1985). *Klein* involved a head–on collision in which the at–fault driver was speeding, went out of control, crossed the center line, and struck another car, killing the driver. Action was brought against Seattle. At trial, the jury found Seattle negligent, but that its negligence was not the proximate cause of death. Klein appealed, assigning error to instructions. The court affirmed the judgment, holding that, as a matter of law, Seattle's negligence was not the proximate cause (legal cause) of decedent's death and that the City had no duty to protect the decedent from the "extreme carelessness" of the at–fault driver. *Klein,* 41 Wn. App. at 639. The court reasoned that, as a matter of public policy the City could not be expected to guard against this degree of negligence. Otherwise, highways would have to be constructed to protect reasonably prudent motorists from the negligence of the reckless, careless, drunken drivers, rather than for the use and safety of the reasonably prudent motorist.

Applying *Klein* to the facts of this case, policy considerations dictate that the County had no duty to protect Braegelmann. Here, as in *Klein,* we have a head–on collision in which the at–fault driver was speeding, crossed the center line, and struck an oncoming vehicle. The present case also involves the additional factor of Tom, the at–fault driver, being highly intoxicated at the time of the collision. The court in *Klein* determined that, as a matter of public policy, there is no duty to guard against such extreme conduct. Therefore, the County met its burden of showing that it was entitled to summary judgment based on the doctrine of legal causation. Having decided the case on the ground of no duty and therefore no legal causation, cause in fact issues need not be discussed.

Judgment affirmed.

COLEMAN, C.J., and WEBSTER, J., concur.

Review denied at 112 Wn.2d 1020 (1989).