[No. 26149-5-I.    Division One.    July 29, 1991.]

ROSALIE E. STEPHENS, ET AL, *Individually and as Coguardians, Appellants,* v. THE CITY OF SEATTLE, *Respondent.*

*Keith Kessler* and *Stritmatter, Kessler & McCauley,* for appellants.

*Marcus Nash, Thomas Frey,* and *Stafford Frey Cooper & Stewart,* for respondent.

BAKER, J. — Rosalie E. and David P. Stephens, coguardians of William H. Stephens, an incompetent, appeal the summary judgment dismissing their negligence suit against the City of Seattle. They allege the trial court erred in finding no proximate cause as a matter of law based upon the facts that Stephens had been drinking and speeding on his motorcycle before he struck a negligently designed curb and sustained severe head injuries. We agree and reverse.

Michael D. Clark was driving westbound on North 50th Street in Seattle when he noticed in his rearview mirror the headlight of Stephens' motorcycle approaching at a high rate of speed. Clark, who estimated his own speed at 25 to 30 miles per hour, moved close to the centerline. Stephens passed him on the right at a speed variously estimated by Clark to be at least double his own, and over

60 miles per hour. At its intersection with Fremont Avenue North, North 50th Street changes alignment. The northerly curbline juts to the south at the northwest quadrant of the intersection, into the lane of the west-bound motorist, and the vision of a westbound motorist is obscured by an uphill incline as the motorist approaches the intersection.

Stephens almost negotiated the intersection without an accident, according to Clark. However, Stephens struck the curb and was thrown from his motorcycle 194 feet. His motorcycle traveled 278 feet before coming to rest. He was not wearing a helmet and he sustained severe head injuries. A blood serum analysis at the hospital approximately 1 hour later indicated that Stephens had been drinking alcohol, but was apparently not legally intoxicated. Stephens' expert on alcohol testing disputed the results of the blood test.

The record contains various materials relating to Stephens' speed and alcohol level and to the design of the intersection. As to his speed, another motorist stated that Stephens passed him on the right prior to the intersection at a high rate of speed and that Stephens traveled six blocks in the time this motorist traveled two blocks. An expert witness for the City estimated the speed of Stephens' motorcycle at the point of impact as over 60 miles per hour based on the location of the body and coefficient of friction. In his opinion, excessive speed was the primary cause of the collision, and if Stephens had been intoxicated, intoxication would have also been a significant factor. The intersection would pose no hazard to a person driving 35 miles per hour, he stated. The record reflects that the intersection is controlled by a traffic signal and the speed limit is 30 miles per hour.

Stephens' expert witness estimated the speed as follows:

> [B]ased on my investigation and analysis of this accident to date, it is my opinion that the speed of Stephens at the time

he impacted the subject curb was probably no more than 45 miles per hour, but probably no lower than 35 miles per hour.

No further basis for this opinion appears in the affidavit. A supplemental affidavit, submitted with Stephens' motion for reconsideration, detailed the expert's basis for estimating speed and estimated an impact speed of 35 miles per hour.

A motorcycle safety instructor opined that a warning sign is needed at the intersection because a westbound motorcyclist cannot see the curb realignment in time to safely maneuver. A human factors traffic expert stated that there should have been warning signs and that the dangerous and hazardous condition of the roadway was the cause of the crash, assuming a motorcycle speed of 40 to 45 miles per hour and blood alcohol level significantly under 0.10. For purposes of the summary judgment motion, the City admitted negligence in roadway design.

The trial court granted the City's motion for summary judgment, dismissed Stephens' complaint and denied Stephens' motion for reconsideration. Stephens filed this timely appeal.

█ Because this is an appeal of a motion for summary judgment, we engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate where, looking at the evidence in a light most favorable to the nonmoving party, the court finds no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Steinmetz v. Hall-Conway-Jackson, Inc.*, 49 Wn. App. 223, 226, 741 P.2d 1054 (1987), *review denied*, 110 Wn.2d 1006 (1988).

Reviewing the evidence in a light most favorable to Stephens, we note that the affidavit of his human factors traffic expert indicates that if Stephens had been traveling at 40 to 45 miles per hour at the point of impact, the cause of the accident was the dangerous and hazardous condition of the roadway. His observations of the roadway

included the "short visibility distance combined with the surprise of the jog in the road" and the fact that there were no advance warnings and no hazard markings near the dark colored curb.

Eyewitness Michael Clark estimated that Stephens was traveling in excess of 60 miles per hour, but Clark also testified that he was driving 25 to 30 miles per hour and Stephens passed him at a speed at least double his own. This puts Stephens' speed between 50 and 60 miles per hour. Taking the evidence in a light most favorable to Stephens as the nonmoving party in a summary judgment motion, and recognizing the difficulty of estimating the relative speed of a moving vehicle, we must accept the lower estimate of 50 miles per hour. There is a difference of only 5 miles per hour between Clark's lower estimate of 50 miles per hour and the human factors traffic expert's assumption of 45 miles per hour as the basis for his opinion that the hazardous roadway caused the accident. This is not so significant a difference as to justify holding as a matter of law that the sole proximate cause of the accident was Stephens' own negligence. *Braegelmann v. County of Snohomish*, 53 Wn. App. 381, 766 P.2d 1137, *review denied*, 112 Wn.2d 1020 (1989), relied on by the City, is not applicable to this case.

We express no opinion on the merits of Stephens' claim against the City. Our holding is based solely on our determination that enough evidence was presented by Stephens to create a question of fact on proximate cause.[1]

Reversed and remanded for further proceedings.

GROSSE, C.J., and AGID, J., concur.

Review denied at 118 Wn.2d 1004 (1991).

---

[1]Because we base our decision on the affidavits of Clark and the human factors traffic expert, we need not reach the question of whether the affidavit submitted with Stephens' motion for reconsideration is to be considered.