999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio DUENAS and Vivian Duenas, Plaintiffs-Appellants,
v.
YAMA'S CO., INC. and Tokio Marine & Fire Insurance Company,
Ltd., Defendants-Appellees.
Antonio DUENAS and Vivian Duenas, Plaintiffs-Appellants,
v.
DEPARTMENT OF PUBLIC WORKS, Government of Guam,
Defendants-Appellees.
Antonio DUENAS and Vivian Duenas, Plaintiffs-Appellants,
v.
MAEDA PACIFIC CORP., et al., Defendants-Appellees.
 Nos. 91-16923, 92-15885 and 92-15919.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 16, 1993.
Decided July 26, 1993.
 
 Before FAIRCHILD,* BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. OVERVIEW
 
 2
 Antonio Duenas was involved in an automobile accident with a tour bus owned by Yama's Co., Inc. He and his wife brought suit against Yama's and its liability insurance carrier, Tokio Marine and Fire Insurance Co., Ltd. The Duenases also brought a related suit against the Department of Public Works, the Government of Guam, Maeda Pacific Corporation, and others. Although the appeals in these cases were separately argued, they were presented on the same day and involve overlapping issues, and therefore are decided together in this memorandum disposition. The Superior Court granted summary judgment for the defendants and granted the defendants' motions for sanctions due to counsel's abrupt cancellation of the deposition of Lamont Skousen. The court also denied the Duenases' motions for partial summary judgment and motion for sanctions.
 
 
 3
 The District Court of Guam, Appellate Division, affirmed. The court concluded that there was no genuine issue of material fact, and that the undisputed evidence demonstrated that the proximate causes of the accident were Duenas' intoxication, high rate of speed, failure to apply his brakes, and his automobile's three foot encroachment into the bus' lane of traffic. This conclusion was substantially based upon the declaration of accident reconstruction specialist Lamont Skousen, who studied the accident, investigated its cause, and performed tests at the accident scene with the bus involved in the accident. The bus driver and guide testified that the bus was travelling no more than 25 m.p.h., and that Duenas approached at a high rate of speed, lost control, and slid into the bus' lane of traffic. The court held that Guam is a modified comparative negligence jurisdiction so that a causally negligent plaintiff recovers nothing from a causally negligent defendant if the plaintiff's causal negligence is greater than that of defendant. The court adopted the majority rule that a loss of consortium claim is derivative, so that Vivian Duenas' claims would be barred by Antonio's causal negligence, if greater than defendants'. The court further held that the Superior Court did not abuse its discretion in awarding sanctions against the Duenases, and that the denial of sanctions against the defendants was not clearly erroneous. The Duenases bring the present appeals. We affirm.
 
 II. DISCUSSION
 
 4
 A. Were There Material Issues of Disputed Fact Such That Summary Judgment in Favor of Yama's Co. Was Inappropriate?
 
 
 5
 Duenas contends that there are material issues of disputed fact as to: (1) Duneas' intoxication; (2) the speed of Duenas' automobile; and (3) encroachment by the bus into Duenas' lane of traffic.
 
 
 6
 First, the evidence concerning Duenas' intoxication is undisputed. A letter by Dr. Park, Guam's Chief Medical Examiner, states that Duenas' blood sample, drawn at 5:00 a.m.--just two hours after the accident, was at a blood alcohol level of .219%, placing Duenas at twice the legal limit of alcohol. According to Dr. Parks, interpolation back to the time of the accident would place Duenas' blood alcohol level at .254%. Duenas asserts that the court did not take into account the scientific and mathematical imprecision of extrapolating back to the time of the accident. However, even without any extrapolation, Duenas was well over the legal limit, and there is no suggestion that he consumed alcohol between the time of the accident and the time of the test. Duenas also contends that there is an issue as to his intoxication based on his deposition statement that he was not intoxicated at the time of the accident. Duenas, however, later admitted that he could not remember the details of the accident. The court properly disregarded Duenas' deposition statement and found no dispute as to his intoxication.
 
 
 7
 Duenas' second contention concerns the rate of speed at which he was traveling at the time of impact. The Superior Court accepted Skousen's opinion that the Duenas vehicle must have been traveling at least 60 m.p.h. in order to go out of control on the curve. Duenas again attempts to create a material dispute based upon his statement given at deposition that he was traveling 25-35 m.p.h., although this was discredited by his testimony that he did not remember details of the accident. The Superior Court did not err in disregarding his deposition testimony, pursuant to 6 Guam Code Ann. § 701 (opinion admissible only if rationally based on perception of witness and helpful to a clear understanding of witness' testimony or determination of fact in issue).
 
 
 8
 Duenas also asserts that Skousen's opinion is open to serious question because it was prepared 20 months after the accident. Skousen based his conclusion on his examination of the "yaw marks" and other scuff marks at the location of the accident; these marks had been noted in the police report, and Duenas introduced no credible evidence that they were from a different accident. In addition, Skousen interviewed the officers who were at the scene of the accident and viewed police photos taken near the time of the accident. Duenas' attack on Skousen's credibility, without more, is insufficient to avoid the grant of summary judgment in this case.
 
 
 9
 Third, Duenas attacks Skousen's conclusion that Duenas' automobile hit the bus at least three feet inside the bus' lane of traffic. Duenas contends that this fact is sufficiently disputed by Skousen's initial notes, which stated his observation that it is common for buses to encroach one to two feet over the center lane when rounding the curve in the road. There was no evidence, however, that the particular bus at issue had encroached more than slightly into Duenas' lane of traffic, and that with its rear wheels. We agree with the district court that this slight encroachment is not material because the undisputed facts show that Duenas' intoxication, rate of speed, failure to apply his brakes, and three foot encroachment into the bus' lane of traffic were the major, if not sole, proximate cause of the accident. Evidence showing a slight encroachment by the bus does not create a material issue of disputed fact.
 
 
 10
 Duenas raises a number of other contentions. Duenas argues that, in a comparative negligence jurisdiction, it is the trier of fact's obligation to assign the proportion of causal negligence to the various parties. Based upon the undisputed evidence, we conclude the court did not err in deciding that Duenas was more than 50% causally negligent as a matter of law, and that there was no issue for a jury. Second, Duenas argues that Skousen's declaration was inadmissible because Skousen did not make an express statement that the facts and data he relied on are the type ordinarily relied on by experts. 6 Guam Code Ann. § 104(a). Duenas does not bring forth any opinion by an expert attacking the reliability of the data relied upon by Skousen in his declaration. This argument has no merit. Absent any showing to the contrary, there is no question that this is the type of data ordinarily relied on by experts. Third, Duenas asserts that Skousen's testimony should not have been admitted because it would not assist the trier of fact. Here, Duenas states that the case did not involve a complex liability issue and that the evidence concerning the accident was within the experience of the jurors. However, Skousen's report was based upon police reports, photographs, the significance of gouge, yaw, and skid marks, brake light bulbs, and the physical condition of the roadway and the vehicles as relevant to determining speed. Clearly a trier of fact would be assisted by the expert's opinion.
 
 
 11
 In sum, Duenas has failed to come forward with specific facts supporting his claims in order to show that there is a genuine issue for trial, and therefore summary judgment in the defendants' favor was appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
 
 
 12
 B. Were There Material Issues of Disputed Fact Such That Summary Judgment in favor of the Department of Public Work, Government of Guam, and Maeda Pacific Corporation Was Inappropriate?
 
 
 13
 Separate issues remain as to the Department of Public Works, Government of Guam, and Maeda Pacific Corporation. Duenas brought separate actions against these defendants, arguing negligence in the road design, the construction and maintenance of the road, and reconstruction activity in progress at the time of the accident--including lack of lighting, inadequate designation of cones or curves, absence of a median barrier, and insufficient width of the road. Duenas also alleged negligent failure to warn or protect.
 
 
 14
 These defendants filed separate motions for summary judgment. In support, they submitted the declaration of Skousen, which stated that: the headlights from Duenas' vehicle should have been more than sufficient to alert him to the approaching curve and no amount of lighting (including daylight) could have changed the outcome of the accident; that Duenas crossed over into the oncoming lane because the speed of the car caused him to lose control of his automobile, and not because of inadequate markings; that the lane divider lines were clearly visible the night of the accident; and that the roadway was of sufficient width.
 
 
 15
 The Superior Court granted summary judgment in favor of Guam and Maeda; the Appellate Division affirmed. On the question of liability, the court held that the extreme carelessness of Duenas was an intervening, superseding cause of the accident. Relying upon Braegelmann v. County of Snohomish, 766 P.2d 1137 (Wash.Ct.App.1989), the court held that, based on public policy concerns, the government had no duty to foresee and protect against extreme carelessness even if the government was negligent in the design and maintenance of the road.
 
 
 16
 We need not adopt the Braegelmann rationale here. We conclude that, as a matter of law, Duenas' causal negligence was greater than any possible causal negligence on the part of Guam and Maeda, and therefore he could not recover under the Guam comparative negligence rule.
 
 
 17
 C. Did the Court Err in Denying Duenas' Motions For Partial Summary Judgment Based on "Pure" Comparative Negligence?
 
 
 18
 Duenas urges us to adopt a rule of pure comparative negligence for Guam, where a party recovers the percentage of his damage equal to the percentage of causal negligence for which the other party is responsible, even if the recovering party is more negligent than the other. Guam Civil Code § 1714.1 provides:
 
 
 19
 Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person recovering.
 
 
 20
 This statute was adopted verbatim from the Wisconsin statute. We conclude that by adoption of this statute, the legislature made a policy choice, which the courts must follow. See Vincent v. Pabst Brewing Co., 177 N.W.2d 513 (Wis.1970). In Vincent, three of the seven justices opined "that the legislature is the body best equipped to adopt the change." Two other justices decided to "defer to the legislature," and one justice decided to "abstain from considering the question" in view of a study undertaken by the legislature at that time. Only one justice concluded that the court should make the change. Our view is consistent with the result in Vincent.
 
 
 21
 Duenas additionally argues that his motion for partial summary judgment should have been granted because the defendants' opposition was untimely filed. The court, however, had discretion to extend the time and thus was free to consider the untimely filing. Regardless of the timeliness of defendants' opposition, Guam's statute is clear, and the court could have relied on it sua sponte.
 
 
 22
 D. Did the Court Err in Denying the Motion for Summary Judgment on Vivian Duenas' Loss of Consortium Claim?
 
 
 23
 Vivian filed a motion for partial summary judgment, seeking a decision that her action was not barred by Antonio's contributory negligence. The court adopted the majority rule, accepted by 26 other United States jurisdictions, which provides:
 
 
 24
 The plaintiff is barred from recovery for an invasion of his legally protected interest in the health or life of a third person which results from the harm or death of such third person, if the negligence of such third person would have barred his own recovery.
 
 
 25
 Restatement Second of Torts § 494 (1965); see generally 25 ALR 4th 118. We agree with the court's decision to adopt the majority rule.
 
 
 26
 E. Did the Court Abuse its Discretion in Granting the Defendants' Motion for Sanctions?
 
 
 27
 Duenas' counsel contests the court's imposition of sanctions awarded against him, pursuant to Guam Rule of Civil Procedure 30(g)(2), which provides:
 
 
 28
 If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorneys' fees.
 
 
 29
 This rule is identical to the corresponding federal rule. Fed.R.Civ.P. 30(g)(2).
 
 
 30
 Duenas' counsel scheduled Skousen's deposition in Mesa, Arizona. Duenas' counsel unilaterally canceled the deposition the evening before it was to occur, after two opposing counsel had flown over 6,000 miles from Guam to Mesa. The Superior Court ordered sanctions against Duenas' counsel, and the district court affirmed. Duenas' counsel contends that the only reason for the deposition was to oppose the defendants' motion for summary judgment. Just prior to the deposition, defense counsel produced Skousen's preliminary notes, which Duenas' counsel believed created a material issue of disputed fact. He canceled the deposition based on his conclusion that the deposition was no longer necessary.
 
 
 31
 Under the plain language of Rule 30(g)(2), the court "may" award sanctions in this case. Here, Duenas' counsel may not have scheduled the deposition had he received Skousen's notes at an earlier date. However, there may very well have been reasons for taking Skousen's deposition. At the very least, counsel could have authenticated the preliminary notes. Perhaps it is more likely that counsel did not want to provide an opportunity for Skousen to explain or clarify any apparent inconsistencies between his earlier notes and final report. Although a close case, we believe the court did not abuse its discretion in awarding sanctions for the cancellation of the deposition in light of the expense to defense counsel in traveling to Mesa.
 
 
 32
 F. Did the Court Abuse its Discretion in Denying Duenas' Motion for Sanctions?
 
 
 33
 And finally, Duenas argues that the court abused its discretion in denying sanctions against the defendants, pursuant to Guam Rule of Civil Procedure 26(g) (parallels Fed.R.Civ.P. 11). Duenas first contends that Rule 26(g) requires an attorney to conduct a reasonable inquiry before responding to a discovery request. During discovery, Duenas' counsel requested the production of "[a]ll reports relating to the accident prepared by all experts hired by you." (Plaintiffs' First Set of Interrogatories, Request No. 10). In addition, Duenas requested the identity of each expert and a summary of the grounds on which the expert was expected to testify. (Plaintiffs' First Set of Interrogatories, No. 15). Yama's counsel responded to Duenas' requests on June 11, 1990. In response to Request No. 10, Yama's counsel objected, but represented that "at this time ... it does not have a written report from Mr. Skousen." Yama's counsel did not ask Skousen whether there was such a report in existence before replying to Duenas' request. According to counsel, he had asked Skousen not to prepare a written report, and therefore assumed that no such report was in existence. As to Request No. 15, Yama's counsel identified Skousen, but stated that he had not completed his investigation of the accident, and that "the response to this interrogatory will be amended when Mr. Skousen's report has been completed." However, Yama's counsel was aware that the final draft of Skousen's declaration had been typed by the law firm and sent to him for signature. On June 12, 1990, Skousen signed the Declaration setting forth his report on the causes of the accident, and on June 28, Yama's supplemented its discovery responses.
 
 
 34
 The Superior Court denied sanctions. The Appellate Division upheld the denial of sanctions based upon Guam Rule of Civil Procedure 26(b)(4)(B), which precludes a party from discovering facts or opinions known to an expert except upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. The court found that because Yama's objected to the request in writing, Duenas was required to request a court order to obtain the information. The Appellate Division stated: "While Plaintiffs could have sought to show exceptional circumstances due to the shipment of the bus off island, they did not approach the court [to] do so." The Superior Court determined that had Duenas filed a motion, it would not have been granted because the investigation notes were privileged. The Appellate Division thought "the better course would have been to disclose the existence of the notes and let the court consider exceptional circumstances beforehand," but ultimately concluded that the Superior Court's decision was not clearly erroneous. We agree with the Appellate Division.
 
 
 35
 Duenas further contends that Yama's counsel waived its objection to the interrogatory. See Meese v. Eaton Mfg. Co., 35 F.R.D. 162, 166 (N.D.Ohio 1964) ("[w]henever an answer accompanies an objection, the objection is deemed waived and answer, if responsive, stands"). In response to Duenas' written request for production of documents, Yama's stated:
 
 
 36
 Defendant Yama's Company, Inc., objects to this request for production of documents inasmuch as it exceeds the scope of permissible discovery under Rule 26.... However, without waiving its right to object to the production of such documents, Defendant Yama's Company, Inc., represents that at this time it does not have a written report from Mr. Skousen.
 
 
 37
 Yama's also provided Duenas with a copy of a letter from the medical examiner that reported the results of the blood-alcohol test. Yama's response did not amount to a waiver of its initial objection.
 
 
 38
 Duenas also contends that Yama's counsel's response to Request No. 15 violates Rule 26 in that his response was "false, evasive and misleading." At the summary judgment hearing, it became evident that Skousen's declaration had been prepared by counsel prior to his response, but that it had been sent back to Skousen for his signature and any final changes. Based on its belief that Skousen might have made some last-minute corrections, the Superior Court denied sanctions. The Appellate Division held that this finding was not clearly erroneous. Although a close case for sanctions, we agree.
 
 For the foregoing reasons, we
 
 39
 AFFIRM.
 
 
 
 *
 Honorable Thomas E. Fairchild, Senior Circuit Judge, Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3