[No. 15850-1-III.   Division Three.   February 3, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. HEIDI LYNN THOMPSON, *Appellant*.

*David N. Gasch*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Larry D. Steinmetz, Deputy*, for respondent.

SCHULTHEIS, C.J. — Heidi Walker[1] drove across a freeway median and hit a van, injuring its occupants. During her trial on a charge of vehicular assault, the court ruled that no police officers could refer to Ms. Walker's driving as "reckless." Later, a detective testified that Ms. Walker drove "in a reckless manner." The trial court denied her motion for a mistrial and the jury reached a verdict of guilty. On appeal, Ms. Walker contends the trooper's comment improperly invaded the province of the jury. She also assigns error to the court's exclusion of lesser-included instructions on reckless driving and negligent driving. We affirm.

One afternoon in March 1995, Ms. Walker's boy friend met her in a parking lot near the freeway to tell her he wanted to break up. She became quite upset. Noting her mental state, he directed her to follow him in her own car and he would lead her to her psychiatrist's office in downtown Spokane. When their two cars pulled up to a red traffic light near the freeway access ramp, Ms. Walker jumped out of her car and banged on her boy friend's car windows. The light changed, and she jumped back into her car to follow him onto the freeway. In an attempt to move next to him, she drove over the embankment between the ramp and the freeway and entered the inside of the westward-moving lane.

According to eyewitness testimony, Ms. Walker drove erratically and out of control, fishtailing and weaving onto the center median. She appeared to be yelling at and

---

[1]Although the information charges "Heidi Lynn Thompson, aka Heidi L. Walker," the appellant referred to herself as Ms. Walker at trial and on appeal.

gesturing to her boy friend to pull off the road. Witness Rachelle Evans, driving behind Ms. Walker's car, turned on her hazard lights to warn other drivers and—with another car that happened to drive up—blocked cars from driving close to Ms. Walker. Not long after, Ms. Walker's car swerved across the center median and into the east-bound lanes, striking a van driven by James Fitzgerald. Mr. Fitzgerald's left leg was broken and he eventually had his entire left knee replaced.

Ms. Walker was charged by information with one count of vehicular assault, RCW 46.61.522.[2] In a pretrial motion in limine, she requested that the court prevent the State from eliciting witness testimony describing her driving as reckless. The court ruled that lay witnesses could use the term "reckless," but that expert witnesses, such as state troopers, could not. In the court's opinion, an expert's description of a defendant's driving as "reckless" sounded too much like an opinion of guilt. The State was ordered to warn its expert witnesses not to use the term in testimony. When the State later challenged this ruling, arguing ER 704[3] allowed an expert to express an opinion on an ultimate fact, the court reiterated that a police detective could not testify that Ms. Walker drove recklessly.

During Detective Jeffrey Genther's testimony the next day, the prosecutor asked him if he had an "opinion as to the manner in which the vehicle was driven prior to the collision?" Defense counsel immediately objected, but the

---

[2]In relevant part, the statute provides that:

"(1) A person is guilty of vehicular assault if he operates or drives any vehicle:

"(a) In a reckless manner, and this conduct is the proximate cause of serious bodily injury to another; or

"(b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and this conduct is the proximate cause of serious bodily injury to another.

"(2) 'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body." RCW 46.61.522.

[3]"Testimony in the form of an opinion or inferences otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." ER 704.

court overruled. Detective Genther then answered that the vehicle was driven "in a reckless manner." Out of the hearing of the jurors, Ms. Walker's counsel moved for a mistrial. He argued that since the only disputed issue at trial was whether his client drove recklessly, and since the State's witness violated an order not to mention reckless driving, Ms. Walker now could not get a fair trial. The State responded again that ER 704 allows expert opinion testimony, but moved to strike the question and answer anyway and called for a curative instruction. Finding that the issue was not serious, the court denied the motion for a mistrial and offered to give a curative instruction.

Defense counsel asked that the instruction be phrased "in very strong terms" because the jurors might feel that the detective resolved the issue of recklessness. The court denied the motion for a stronger instruction, noting that "we all operate on the assumption that the jury is going to obey the instructions of the Court." When the court offered to give an instruction to disregard the question and answer, without rereading them, defense counsel agreed that the jury probably would not remember the detective's response anyway. The jury was simply "instructed to disregard the last question and the last answer."

At the close of testimony, the trial court instructed the jury on the elements of vehicular assault. Ms. Walker's counsel objected to the court's denial of instructions on reckless driving and negligent driving, arguing they are both lesser-included offenses. The jury returned a verdict of guilty and this appeal followed.

■ ■ Ms. Walker first contends the trial court should have granted her motion for a mistrial based on Detective Genther's violation of the in limine order. A trial court's denial of a motion for a mistrial is reviewed for abuse of discretion. *State v. Lewis*, 130 Wn.2d 700, 707, 927 P.2d 235 (1996). Mistrial is appropriate only when the defendant has been so prejudiced that nothing short of a new trial will insure that the defendant will be tried fairly. *State v. Johnson*, 124 Wn.2d 57, 76, 873 P.2d 514 (1994). Generally,

the trial court is best suited to determine the prejudice of a statement. *Lewis*, 130 Wn.2d at 707; *State v. Weber*, 99 Wn.2d 158, 166, 659 P.2d 1102 (1983).

Ms. Walker contends Detective Genther's remark was an improper expression of her guilt and so prejudiced the jury that she was denied her right to a fair trial. It is well settled that a witness, whether lay or expert, may not give an opinion as to the defendant's guilt, whether by direct statements or inferences. *State v. Black*, 109 Wn.2d 336, 348, 745 P.2d 12 (1987); *City of Seattle v. Heatley*, 70 Wn. App. 573, 577, 854 P.2d 658 (1993), *review denied*, 123 Wn.2d 1011 (1994). Such testimony is inherently prejudicial because it invades the jury's role to make an independent evaluation of the facts. *State v. Lewellyn*, 78 Wn. App. 788, 793-94, 895 P.2d 418 (1995). Further, an opinion as to the defendant's guilt is particularly prejudicial when it is expressed by a government official, such as a police officer. *Lewellyn*, 78 Wn. App. at 794 (citing *State v. Sanders*, 66 Wn. App. 380, 387, 832 P.2d 1326 (1992)). Here, the trial court ruled that the State's expert witnesses—the police officers—could not testify that in their opinions Ms. Walker was driving in a reckless manner. Although that ruling was challenged by the State at trial, the challenge is not argued on appeal, and the State admits Detective Genther's violation of the in limine order was an irregularity.

■■ To determine the prejudicial effect of an irregular occurrence during trial, we examine the occurrence's seriousness, whether it involved cumulative evidence, and whether the trial court properly instructed the jury to disregard it. *Johnson*, 124 Wn.2d at 76 (citing *State v. Hopson*, 113 Wn.2d 273, 284, 778 P.2d 1014 (1989)). Here, Detective Genther's remark was sufficiently serious because it violated a motion in limine to exclude it. *State v. Essex*, 57 Wn. App. 411, 416, 788 P.2d 589 (1990). It was clearly cumulative, however, because two other witnesses testified that they saw Ms. Walker drive over an embankment, "fishtail," and weave across lanes and into the median. Of particular importance, however, is the fact that

the trial court instructed the jury to disregard the question and Detective Genther's answer. Although defense counsel requested an instruction "in very strong terms," the trial court indicated a simple instruction to disregard—without repeating the question and answer to the jury—would serve to minimize the jury's recall of the irregularity. We presume the jury followed the court's instruction. *State v. Mak*, 105 Wn.2d 692, 702, 718 P.2d 407 (1986).

Ultimately, this court must ask whether the remark, when viewed against the background of all the evidence, so prejudiced the jury that Ms. Walker did not get a fair trial. *Weber*, 99 Wn.2d at 164-65; *State v. Escalona*, 49 Wn. App. 251, 254, 742 P.2d 190 (1987). In light of the cumulative evidence of recklessness and the trial court's reasonable instruction to disregard Detective Genther's statement, the irregularity here was not so egregious as to deny Ms. Walker a fair trial.

Ms. Walker next contends the trial court erred in excluding instructions on reckless driving and negligent driving as lesser-included offenses of vehicular assault.

The threshold test to determine the appropriateness of a lesser-included instruction is whether (1) each of the elements of the lesser offense is a necessary element of the offense charged (the legal prong), and (2) the evidence supports an inference that only the lesser offense was committed (the factual prong). *State v. Berlin*, 133 Wn.2d 541, 947 P.2d 700, 702 (1997) (citing *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)). Because it has been determined that negligent driving is a lesser-included offense of reckless driving,[4] we confine our inquiry to whether reckless driving is a lesser-included offense of vehicular assault.

Ms. Walker argues the "reckless manner" element of vehicular assault is the same as the "willful or wanton dis-

[4]Former RCW 46.61.525; *State v. Travis*, 1 Wn. App. 971, 974, 465 P.2d 209 (1970).

regard" element of reckless driving.[5] While the evidence to support one element probably would support the other in many cases, the elements themselves are not the same.

Courts have held that the "reckless manner" element of vehicular assault means to drive in a rash or heedless manner, with indifference to the consequences. *State v. Bowman*, 57 Wn.2d 266, 271, 356 P.2d 999 (1960); *Medrano v. Schwendeman*, 66 Wn. App. 607, 609-10, 836 P.2d 833 (1992). The degree of reckless behavior in vehicular assault ("reckless manner") is less than in the "willful or wanton disregard" of reckless driving. Moreover, the evidence here does not support only reckless driving (or negligent driving). Culpable behavior plus serious injury are elements of the more serious offense of vehicular assault. RCW 46.61.522(1)(a). Ms. Walker not only drove with disregard for the safety of others, she actually caused serious injury to another. The fact that the injury was proximately caused by her actions is not disputed.

In short, neither the legal prong nor the factual prong was met in this case. Consequently, we find that the court did not err in excluding lesser-included instructions on reckless and/or negligent driving.

Affirmed.

BROWN and KATO, JJ., concur.

Reconsideration denied March 3, 1998.

Review denied at 136 Wn.2d 1002 (1998).

---

[5]"Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." RCW 46.61.500(1).