164 P.3d 516 (2007)
STATE of Washington, Respondent,
v.
Mandi S. RATLIFF, Appellant.
No. 24926-3-III.
Court of Appeals of Washington, Division 3.
June 14, 2007.
Publication Ordered August 7, 2007.
*517 Dennis W. Morgan, Ritzville, WA, for Appellant.
Jeffrey S. Barkdull, Spokane, WA, Ronald Brian Shepherd, Davenport, WA, for Respondent.
KATO, J.[*]
¶ 1 Mandi S. Ratliff was convicted of attempting to elude a police vehicle. She claims the court erred by erroneously defining "reckless manner" in the jury instructions. We affirm.
¶ 2 On June 18, 2005, Reardan Police Chief Leland Varain and officer Michael Walters, both in uniform, saw a brown car skid to a stop and take off. Officer Walters got into his marked police car and followed. The brown car eventually went northbound on State Route (SR) 231. The officer had to drive 100 miles per hour (mph) to catch it. The speed limit on SR 231 is 60 mph.
¶ 3 Officer Walters got within 50 feet of the brown car. At this point, he believed it was traveling 70-75 mph. The officer then activated his lights and siren. As he got to 20-30 feet of the car, it fishtailed, turned around, and passed him. As it did, Officer Walters believed the distance between the car and his vehicle was six to seven inches. After about two miles, the brown car stopped.
¶ 4 The State charged Ms. Ratliff with attempting to elude a pursuing police vehicle. At trial, defense counsel took exception to the instructions defining the elements of the offense. She was convicted as charged. This appeal follows.
¶ 5 Ms. Ratliff was convicted of violating RCW 46.61.024, attempting to elude a police vehicle:
(1) Any driver of a motor vehicle who willfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.
RCW 46.61.024(1). In 2003, the words "reckless manner" were substituted by the legislature for the phrase "manner indicating a wanton or willful disregard for the lives or property of others." LAWS OF 2003, ch. 101, § 1.
¶ 6 Ms. Ratliff claims the court erroneously defined "reckless manner" in its jury instructions. The court must give jury *518 instructions that accurately state the law, that permit the defendant to argue his theory of the case, and that the evidence supports. State v. Staley, 123 Wash.2d 794, 803, 872 P.2d 502 (1994). We review de novo a court's refusal to give a defendant's proposed jury instruction based on a legal dispute. State v. Walker, 136 Wash.2d 767, 771-72, 966 P.2d 883 (1998).
¶ 7 The court's instructions defined "reckless manner" as "a rash or heedless manner, indifferent to the consequences." Clerk's Papers (CP) at 76. Ms. Ratliff proposed an instruction defining "reckless manner" as "a wanton or willful disregard for the lives or property of others." CP at 39. She defined "willful" as "acting intentionally and purposefully," and "wanton" as "acting intentionally in heedless disregard of the consequences." CP at 40. The court rejected these instructions.
¶ 8 Here, the trial court's definition of "reckless manner" is a correct statement of the law, at least for vehicular homicide and vehicular assault. State v. Roggenkamp, 153 Wash.2d 614, 618, 106 P.3d 196 (2005). Whether this definition of "reckless manner" applies to the felony eluding statute has yet to be determined. We decide it does.
¶ 9 RCW 46.61.024 does not define "reckless manner." In fact, those words are not defined anywhere in the motor vehicle code. Roggenkamp, 153 Wash.2d at 621, 106 P.3d 196. The definition is well settled, however, for vehicular homicide and vehicular assault cases. Id. Prior to 2003, the statute required a showing of willful or wanton disregard for the lives or property of others. But the legislature replaced that language with "reckless manner" in 2003. By doing so, it clearly intended to remove the willful and wanton standard from this statute.
¶ 10 Ms. Ratliff argues that, for purposes of the eluding statute, we should define "reckless manner" in the same way the courts define "reckless driving." As the Roggenkamp court noted, this requires "us to dismember both the term `in a reckless manner' and the term `reckless driving.'" Roggenkamp, 153 Wash.2d at 623, 106 P.3d 196. Doing so would sever "reckless" from its surrounding context and read the word as if it stood alone. Id. This proposed reading violates the rules of statutory construction. Id.
¶ 11 A single word in a statute should not be read in isolation; words may be controlled by those with which they are associated. Id. Courts should consider the meaning that naturally attaches and take into consideration the meaning that attaches from the context. Id.
¶ 12 In RCW 46.61.024, "reckless" is part of the term "in a reckless manner." That term is different from "reckless driving." See Roggenkamp, 153 Wash.2d at 623-24, 106 P.3d 196. "The terms `reckless manner' and `reckless driving' both function as single units of meaning in their respective statutes." Id. at 624, 106 P.3d 196. Both are terms of art unique to the motor vehicle laws that have long been employed by the legislature to describe driving offenses. Id.
¶ 13 "Reckless manner" has been defined as "a rash or heedless manner, with indifference to the consequences." Id. at 622, 106 P.3d 196 (citing State v. Thompson, 90 Wash. App. 41, 47-48, 950 P.2d 977 (1998)). "Reckless driving" involves a person who drives in willful or wanton disregard for the safety of persons or property. RCW 46.61.500(1). The legislature changed the eluding statute to require proof of driving in a "reckless manner" in order to be found guilty of attempting to elude a police vehicle. By deleting the language "willful and wanton disregard," the legislature also evidenced the intent to delete it as a required element of the crime. Moreover, if the legislature had intended to adopt the standard for reckless driving, it would have said so. Roggenkamp, 153 Wash.2d at 625, 106 P.3d 196 (courts are required to assume the legislature meant exactly what it said and apply the statute as written).
¶ 14 Ms. Ratliff argues the pattern instruction for eluding a police vehicle still includes the willful and wanton standard despite the 2003 amendment. Even so, jury instructions must accurately state the law. Staley, 123 Wash.2d at 803, 872 P.2d 502. The pattern instruction does not. The court *519 properly refused to give Ms. Ratliff's proposed instruction.
¶ 15 Affirmed.
WE CONCUR: SWEENEY, C.J., and SCHULTHEIS, J.
NOTES
[*] Judge Kenneth H. Kato is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.