FILED
JULY 31, 2014
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31683-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SIMEON GEORGE OWENS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Simeon Owens appeals his third degree assault conviction, contending the trial court erred by not declaring a mistrial when the security officer victim nonresponsively testified about certain topics. Because the answers were largely cumulative to earlier evidence and because the trial court gave a proper curative instruction, we find no reversible error. Mr. Owens notes in his statement of additional grounds for review several typographical errors in the trial transcripts that do not raise any issues warranting review or further analysis. Accordingly, we affirm.

FACTS

On October 23, 2012, Simeon Owens appeared before a Benton County Superior Court Commissioner for a juvenile dependency matter. Mr. Owens had not been

compliant with court-ordered services related to the return of his child. Mr. Owens became upset when the discussion turned to his failure to comply with anger management classes. He became "mouthy" and the court found him in contempt. Report of Proceedings at 47-48, 73. The court ordered Mr. Owens's immediate detention. Hearing that he was about to be arrested, Mr. Owens fled the courtroom.

Scott Wright, a private security officer present in the courtroom, radioed to his partner, Security Officer, Patricia Roggenkamp, to stop Mr. Owens. Officer Roggenkamp moved to grab Mr. Owens at approximately the same time that Officer Wright tackled Mr. Owens. The three ended up on the ground in a tussle. According to the testimony, Mr. Owens was screaming and moving his body around a lot when he elbowed Mr. Wright multiple times in the face. Kennewick police officers arrested Mr. Owens at the scene. The State charged Mr. Owens with one count of assault in the third degree and one count of resisting arrest but dismissed the resisting charge before trial.

Prior to the State beginning its case in chief at the March 2013 trial, it sought clarification on how much context it could provide to the jury regarding why Mr. Owens was in the courthouse that day. Defense counsel was fine with the State's suggestion so long as counsel limited its scope. The court appeared to agree with the defense about allowing some res gestae background evidence so long as that did not overly put Mr. Owens's character in a bad light. No specific limitations were set.

At trial, Kennewick Police Officer Paul Reynolds testified he spoke with Mr. Owens after the scuffle and related the statements that Mr. Owens had made to him. Basically, Mr. Owens told him he had been in court that day for custody of his children. Mr. Owens told the officer that he had lost his temper in the courtroom. He told the officer that he fled the courtroom because he did not want to be arrested. He admitted to the officer that he was consciously attempting to resist arrest during the scuffle by keeping his hands under his chest. He told the officer he had let his attitude and his mouth get him in trouble that day. The court admitted pictures of Mr. Wright's injuries.

During the direct examination of Officer Wright, the State asked how the incident began. Officer Wright partly answered by explaining Mr. Owens had been in court for a dependency hearing involving one of his children and that he became angry when told he was not compliant with his required anger management classes. At that point, defense counsel asked for and received a sidebar during which defense counsel moved for a mistrial, or in the alternative, for a curative instruction. Defense counsel believed that the prejudice from hearing about the nature of the hearing and the ordered anger management services far outweighed the relevance of the evidence as background material. The court denied the motion for mistrial, but gave the jury a curative instruction. The jury found Mr. Owens guilty and after sentencing, he appealed.

ANALYSIS

The issue is whether the trial court erred by abusing its discretion when denying Mr. Owens' mistrial motion.

"A trial court's denial of a motion for a mistrial is reviewed for abuse of discretion." *State v. Gamble*, 168 Wn.2d 161, 177, 225 P.3d 973 (2010). "A mistrial should be granted when the defendant has been so prejudiced that nothing short of a new trial can insure that the defendant will be tried fairly." *Id.* "A denial of a motion for mistrial should be overturned only when there is a substantial likelihood that the prejudice affected the verdict." *Id.* "Thus, when a trial irregularity occurs, the court must decide its prejudicial effect." *Id.* "In determining the effect of an irregularity, the court examines (1) its seriousness; (2) whether it involved cumulative evidence; and (3) whether the trial court properly instructed the jury to disregard it." *Id.* (alterations and quotations omitted).

Applying these factors, we cannot say the trial court abused its discretion by denying Mr. Owens' mistrial motion. Although in likely violation of the court's pretrial ruling, Officer Wright's nonresponsive answers were not consciously elicited and were not seriously prejudicial. That Mr. Owens had been in dependency court was likely prejudicial to Mr. Owens's character as a parent, but his character as a parent had no real relevance to whether he intentionally assaulted the security officer. That Mr. Owens had been ordered to comply with anger management services likely had some direct relevance

4

and prejudice to his character for violence or peacefulness that could have affected the jury's determination of intent.

But the jurors did not hear that Mr. Owens had a violent character. Rather the jury might infer he had an angry character. Moreover, the jurors did not hear about any specific instances of past violence; these are generally more prejudicial than a passing reference to someone's character for anger. A mistrial on this type of evidence is generally limited to situations bearing a striking similarity to the charged crime. *See State v. Mack*, 80 Wn.2d 19, 490 P.2d 1303 (1971) (new trial ordered in robbery prosecution where the jury heard about the defendant's prior robberies); *State v. Escalona*, 49 Wn. App. 251, 742 P.2d 190 (1987) (new trial ordered in assault with a deadly weapon prosecution where the State had a weak case and the jury heard about the defendant's prior assault with a deadly weapon).

The strong evidence of Mr. Owens' assault far outweighed any possible effect of knowing Mr. Owens needed anger management classes. And, Mr. Owens' peaceful character had already been destroyed by testimony from other State witnesses about Mr. Owens angry outburst and assaultive conduct together, and photo evidence of the resultant injuries. For example, Mr. Owens' character for anger had been put in front of the jury by the arresting officer relating admissions from Mr. Owens about letting his anger get the better of him that day and that he had consciously resisted arrest. Proof of intent to assault was easily inferred from the State's strong evidence. Accordingly, the

5

nonresponsive testimony about anger management classes was cumulative to evidence already before the jury. Such instances usually do not require a mistrial. *E.g.*, *State v. Thompson*, 90 Wn. App. 41, 46-47, 950 P.2d 977 (1998) (mistrial not necessary when the officer's improper opinion on the ultimate issue of recklessness was cumulative of other strong evidence already before the jury). Finally, the court gave a proper limiting instruction. We presume the jury followed the court's instruction. *State v. Montgomery*, 163 Wn.2d 577, 183 P.3d 267 (2008).

On a whole, this case is very similar to *Gamble*, 168 Wn.2d 161. In *Gamble*, the investigating officer twice testified in violation of a pretrial order when he mentioned the defendant's booking file. *Id.* at 176. This testimony divulged the defendant had a prior criminal history, but did not divulge any specific instances of criminal activity. Although a serious irregularity according to the Supreme Court, it was not so serious or cumulative as to render useless the court's curative instruction. *Id.* at 178-79.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

No. 31683-1-III
*State v. Owens*

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

7