FILED
COURT OF APPEALS
DIVISION II

2015 JUL 21 AM 9: 27

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46026-2-II |
| Respondent, | |
| v. | |
| MICHAEL REUBEN HORST, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Michael Horst appeals his conviction for second degree rape of K.H. Horst argues that his trial counsel provided ineffective assistance by failing to move for a mistrial after K.H.'s friend provided testimony suggesting K.H.'s allegations were believable. We affirm.

## FACTS

During a jury trial for second degree rape of K.H., Bailey Karpa, K.H.'s friend, provided the following testimony at Horst's trial:

[Karpa]: [K.H.] said that [Horst]—that he had raped her.
. . . .
[The State]: Okay. And—and you encouraged [K.H.] to—to contact law enforcement?
[Karpa]: Yes.
. . . .
[The State]: Can I ask why you encouraged her to call the police?

[Karpa]: Because I—I feel like, you know, that's—that's—that's a pretty—it's a pretty big claim to make against somebody and you know, I—if it really happened—if it did—if it didn't actually happen, I don't think she would have gone to the police, you know? Like it—it really seemed like she really, really meant everything that she had said.
[The State]: Okay.
[Karpa]: There was never a point in the time that I had been with her—
[Trial Court]: I—I'm going to direct the jury to disregard any interpretation of the witness as to believability or what another person may have—
[Trial Counsel]: Thank you, Your Honor.
[Trial Court]:—meant, or the believability of another witness who is scheduled to testify here, so the jury will disregard that.

Verbatim Report of Proceedings (VRP) at 92-94. Trial counsel did not request a mistrial.

After Karpa's testimony, K.H. testified that Horst had raped her and that she had reported this rape to the police. Additional evidence included Horst's text messages to K.H., in which he confessed to raping K.H. and stated that he would lie about raping her:

[Horst]: Fine I don't know y I did it I just didn't have for a long time so my body wanted it. I'm soo sorry I didn't want to have sex with u. Cuz when u said no I got it. What u going to do to me u going to call the cops on me?
. . . .
I want us friends and I don't want anyone to know about this please cuz if u tell people I will just lie about it.

Ex. 7; *see* VRP at 127. The jury found Horst guilty of second degree rape. Horst appeals.

ANALYSIS

Horst argues he received ineffective assistance of counsel because trial counsel did not request a mistrial based on Karpa's testimony conveying that she thought K.H. would not go to the police unless her rape claim was true and that K.H. seemed to mean what she said about the rape. We disagree.

2

Because ineffective assistance of counsel claims present mixed questions of law and fact, our review is de novo. *In re Pers. Restraint of Brett*, 142 Wn.2d 868, 873, 16 P.3d 601 (2001). The defendant bears the burden of showing both deficient performance and resulting prejudice. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997). To establish prejudice, a defendant must show a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). Thus, to show prejudice, Horst must show a reasonable probability that had trial counsel moved for a mistrial, the trial court would have granted that motion. *See* 109 Wn.2d at 226.

A trial court should grant a mistrial when, viewed in light of all the evidence, the defendant has suffered prejudice such that nothing short of a new trial will insure that the defendant receives a fair trial. *State v. Rodriguez*, 146 Wn.2d 260, 270, 45 P.3d 541 (2002); *State v. Thompson*, 90 Wn. App. 41, 47, 950 P.2d 977 (1998). Whether a remark justifies a mistrial depends on three factors: (1) whether the irregularity was serious enough to materially affect the trial's outcome, (2) whether the statement in question was cumulative of other evidence, and (3) whether the irregularity could be cured by an instruction to disregard the remark, an instruction the jury is presumed to follow. *State v. Hopson*, 113 Wn.2d 273, 284-86, 778 P.2d 1014 (1989). Even serious irregularities can be cured by an instruction to disregard. *See State v. Gamble*, 168 Wn.2d 161, 178-79, 225 P.3d 973 (2010).

Witnesses may not testify to their opinion of the victim's credibility because this impermissibly infers the witness's opinion of the defendant's guilt. *See State v. Black*, 109 Wn.2d 336, 348-49, 745 P.2d 12 (1987). Karpa's testimony conveyed both that she thought K.H. would not go to the police unless her rape claim was true and that K.H. seemed to mean what she said. These remarks were improper opinion testimony. But considering the three *Hopson* factors in this case, Karpa's testimony did not warrant a mistrial.

Regarding the first factor, the seriousness of the testimony, Karpa's statements did not comprise an expert diagnosis implying that the victim had been raped, but rather were statements from a lay witness suggesting that K.H.'s rape allegations seemed believable. Furthermore, Karpa's testimony was insignificant compared to the other evidence in the case, namely Horst's text messages to K.H. confessing to the rape. These text messages provided overwhelming evidence of Horst's guilt, thus minimizing the seriousness of Karpa's testimony.

With regard to the second factor, Karpa's comment was not cumulative of other evidence. But regarding the third factor, the trial court instructed the jury to disregard the comment, an instruction the jury is presumed to follow. Karpa's improper testimony was cured by the trial court's sua sponte instruction to the jury to disregard it.

Thus, we are satisfied through our analysis of the *Hopson* factors, and viewing the improper testimony in light of all the evidence, that Horst has failed to show a reasonable probability that had trial counsel moved for a mistrial, the trial court would have granted that motion. Thus, Horst has failed to show prejudice, and his ineffective assistance of counsel claim fails.

No. 46026-2-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Melnick, J.