# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>CHRISTOPHER TAYLOR BILL,<br><br>Appellant. | No.  53156-9-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — A jury found Christopher Taylor Bill guilty of third degree driving with a suspended license and attempting to elude a pursuing police vehicle.  The jury also found that during the attempt, Bill had endangered a person other than himself and the pursuing deputies.  Bill appeals his attempting to elude a police vehicle conviction and sentence, arguing that there was insufficient evidence to support the conviction and the endangerment sentence enhancement.[1]

We hold that sufficient evidence supports both the conviction for attempting to elude a pursuing police vehicle and the sentence enhancement for endangering others.  Accordingly, we affirm Bill's conviction and sentence.

## FACTS

At approximately 3:00 a.m. Bill drove a vehicle that had no working rear lights.  Lakewood Police Officer Nile Teclemariam, activated his emergency lights and followed Bill's

---

[1] Bill requested and received a drug offender sentencing alternative (DOSA) sentence.  However, the judgment and sentence refers to the enhance penalty Bill could receive should he fail DOSA treatment.

vehicle to initiate a traffic stop. Bill failed to stop and Officer Teclemariam initiated pursuit of Bill's vehicle. During the pursuit, Bill drove through streets at speeds exceeding 60 miles per hour, ran red lights, made turns without signaling, and erratically crossed all lanes of traffic on Interstate 5 (I-5) twice.

The State charged Bill with third degree driving with a suspended license and attempting to elude a pursuing police vehicle with a special sentencing enhancement allegation that he had endangered one or more persons. The case proceeded to a jury trial. At trial, witnesses testified to the above facts.

Additionally, Officer Teclemariam testified that after initiating pursuit of Bill's vehicle, Bill sped through a parking lot, accelerated to over 60 miles per hour on a street that had a speed limit of 35, and ran a red light before merging on I-5. After entering I-5, Bill "immediately shot over to . . . the far left lane." 2 Verbatim Report of Proceedings (VRP) at 119. Officer Teclemariam was unable to catch up to Bill's vehicle because there were three other vehicles in front of him. When the other vehicles moved out of the way, Officer Teclemariam accelerated to approximately 80 miles per hour to catch up to Bill's vehicle. Bill once again crossed all lanes of traffic on I-5 to ensure his vehicle was in front of Officer Teclemariam's.

Officer Teclemariam also testified that when Bill exited I-5, "[Bill] almost lost control . . . . [his vehicle] started fishtailing from one side over to the other." 2 VRP at 120. After Bill regained control, he ran another red light, and once again accelerated. Officer Teclemariam further testified that Bill's passenger jumped out of Bill's vehicle. However, Bill's passenger still held onto the door of Bill's vehicle, and when Bill accelerated once more, his passenger took a "hard tumble." 2 VRP at 121. Bill then pulled over. When Officer Teclemariam approached

Bill after the incident, Bill "admitted that or acknowledged that his driving was reckless and endangered the lives of others." 2 VRP at 124.

Bill stipulated that he was guilty of third degree driving with a suspended license. A jury convicted Bill of third degree driving with a suspended license and attempting to elude a pursuing police vehicle. The jury also found that Bill drove in a manner that endangered a person other than himself and the pursuing deputies.

Bill appeals his attempting to elude a pursuing police vehicle conviction, and the endangerment sentence enhancement.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Bill argues that there was insufficient evidence to support his attempting to elude a pursuing police vehicle conviction because the State failed to prove that he drove in a reckless manner. Bill also argues that insufficient evidence supports the endangerment sentence enhancement because the State failed to prove that he drove in a manner that endangered a person other than himself and the pursuing deputies. We disagree.

Evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the State, any rational jury could find that all of the elements of the crime charged were proven beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). When a defendant challenges the sufficiency of the evidence, he admits the truth of the State's evidence, and all reasonable inferences drawn from that evidence are to be construed in favor of the State. *Cardenas-Flores*, 189 Wn.2d at 265-66. In a sufficiency of the evidence determination, both circumstantial and direct evidence are equally

reliable. *Cardenas-Flores*, 189 Wn.2d at 266. We review sufficiency of the evidence de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

A.      *Attempting To Elude a Pursuing Police Vehicle*

Bill argues that the evidence is sufficient to support only that Bill drove with a disregard for traffic laws, not that he drove in a reckless manner. He argues that the State failed to prove he drove in a reckless manner because the event occurred at 3:00 a.m., there was no evidence of other vehicles on streets or at intersections where he failed to stop, and there were only three other vehicles on I-5.

A person attempts to elude a police vehicle if he drives in a reckless manner and willfully fails to stop his vehicle after he is provided with a visual or audible signal from a uniformed police officer in pursuit. RCW 46.61.024(1). A person acts in a reckless manner if he acts in a "'rash or heedless manner, with [an] indifference to the consequences.'" *State v. Ratliff*, 140 Wn. App. 12, 16, 164 P.3d 516 (2007) (quoting *State v. Roggenkamp*, 153 Wn.2d 614, 622, 106 P.3d 196 (2005)). On appeal, Bill contests only the reckless manner element. As a result, we consider whether (1) Bill drove in a "rash" or "heedless" manner and (2) acted with an indifference to the consequences.

The evidence at trial showed that after Officer Teclemariam initiated pursuit of Bill's vehicle, Bill sped through a parking lot, drove over 60 miles per hour in a 35 mile per hour zone, ran several red lights, drove approximately 80 miles per hour and erratically crossed all lanes of traffic on I-5 twice while other vehicles were present, almost lost control of his vehicle while exiting the freeway, and caused his passenger to take a "hard tumble" on the street. 2 VRP at 121. Bill acknowledged to Officer Teclemariam that his driving was reckless. From this

evidence, a rational jury could infer that Bill drove in a "rash" or "heedless" manner and acted with an indifference to the consequences. Because the evidence supports that Bill drove in a reckless manner, Bill's argument that insufficient evidence supports his conviction fails.

B.      *Endangerment Sentence Enhancement*

Bill argues that he did not drive in a manner that endangered a person other than himself and the pursuing deputies because there was no evidence that pedestrians or other drivers were at risk.

A person may receive an endangerment sentence enhancement in an attempting to elude a police vehicle case, when sufficient admissible evidence exists to show that one or more individuals, other than the defendant and the pursuing police officer, were threatened with physical injury or harm because of the defendant's actions. RCW 9.94A.834(1).

Here, viewing the evidence in the light most favorable to the State, the State presented sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that Bill drove in a manner that threatened others with physical injury or harm. The evidence adduced at trial shows that Bill's driving endangered other drivers on the freeway as well as Bill's passenger, who not only was in the vehicle as Bill drove erratically and at excessive speeds, but who jumped from the car and "took a hard tumble" as Bill sped away. 2 VRP at 121. Moreover, Bill admitted to Officer Teclemariam that his driving endangered the safety of others. From this evidence, a rational jury could infer that Bill drove in a manner that endangered the safety of his passenger and other drivers.

Because sufficient evidence supports the conviction and sentencing enhancement, we affirm Bill's conviction and sentence.

5

No. 53156-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

_____
Maxa, J.

_____
Glasgow, J.