**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGEY NIKO ZHOVTONIZHKO, | No. 21-584 |
| *Petitioner*, | Agency No. A071-161-176 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2023
Seattle, Washington

Filed June 7, 2023

Before: Jay S. Bybee and Danielle J. Forrest, Circuit
Judges, and Richard G. Seeborg, District Judge.[*]

Opinion by Judge Bybee

---

[*] The Honorable Richard Seeborg, Chief United States District Judge for
the Northern District of California, sitting by designation.

# SUMMARY[**]

## Immigration

Granting Sergey Zhovtonizhko's petition for review of a decision of the Board of Immigration Appeals that concluded that Zhovtonizhko's convictions for attempting to elude a police vehicle, under Wash. Rev. Code (RCW) § 46.61.024, were crimes involving moral turpitude, the panel concluded that the BIA failed to address substantive changes the Washington Legislature made to the statute and subsequent Washington case law interpreting the revised statute, and remanded.

Zhovtonizhko, a lawful permanent resident, was convicted of attempting to elude police in violation of RCW § 46.61.024 in 2016 and 2018. An Immigration Judge and the BIA concluded that RCW § 46.61.024 is categorically a crime involving moral turpitude, and found Zhovtonizhko removable for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. The BIA relied on *Matter of Ruiz-Lopez*, 25 I. & N. Dec. 551 (BIA 2011), which held that a prior version of RCW § 46.61.024 was categorically a crime involving moral turpitude.

Applying the categorical approach, the panel identified the elements of statute of conviction. As relevant here, the version of the statute at issue in *Matter of Ruiz-Lopez* required driving with "wanton or willful disregard for the lives or property of others." However, in 2003, the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Washington Legislature altered that element: the current version requires proof that the vehicle was driven "in a reckless manner." The panel explained that, although the term "reckless manner" is not defined by statute, the Washington Supreme Court has held that operating a motor vehicle in a "reckless manner" means operating it in "a rash or heedless manner, indifferent to the consequences."

The parties disagreed whether operating a vehicle in "a rash or heedless manner, indifferent to the consequences," is materially different from knowingly operating a vehicle with a "wanton or willful disregard for the lives or property of others." The panel concluded that the terms are materially different under Washington law, explaining that the Washington Supreme Court has concluded that "reckless manner" cannot be defined as "willful or wanton disregard for the safety of persons or property," and the Washington Court of Appeals has explained that it is well settled that driving in a "reckless manner" is a lower mental state than the "willful or wanton" mental state for "reckless driving." The panel explained that, in some circumstances, "reckless" may be the equivalent of "willful or wanton," but under current Washington law, "reckless manner" is not the equivalent of "recklessness," and "reckless manner" is the required mens rea in Zhovtonizhko's statute of conviction.

Thus, the panel concluded that the BIA's perfunctory construction of the crime's elements necessarily created a flawed foundation for its subsequent categorical analysis. The panel remanded to the BIA to reconsider whether the current iteration of RCW § 46.61.024 categorically falls within the federal definition of a crime involving moral turpitude. The panel expressed no view on that question.

**COUNSEL**

Christopher P. Stanislowski (argued), Northwest Immigrant Rights Project, Tacoma, Washington; Leila Kang, Northwest Immigrant Rights Project, Seattle, Washington; for Petitioner.

Gregory D. Mack (argued), Senior Litigation Counsel; Sarah L. Martin, Trial Attorney; Sabatino F. Leo, Assistant Director; Brian Boynton, Acting Assistant Attorney General, Civil Division; Office of Immigration Litigation, United States Department of Justice; Washington, D.C.; for Respondent.

# OPINION

BYBEE, Circuit Judge:

Petitioner Sergey Zhovtonizhko seeks review of the Board of Immigration Appeals' (BIA) decision finding him removable for having been convicted of crimes involving moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). The BIA concluded that his two convictions under Wash. Rev. Code. (RCW) § 46.61.024 for attempting to elude a police vehicle, were categorically crimes involving moral turpitude. The BIA relied on *Matter of Ruiz-Lopez*, 25 I. & N. Dec. 551 (BIA 2011), which held that a prior version of RCW § 46.61.024 was categorically a crime involving moral turpitude. However, the BIA failed to address the substantive changes the Washington Legislature made to RCW § 46.61.024 in 2003 and subsequent Washington case law interpreting the revised statute. We grant the petition and remand to the BIA to consider whether the statute of conviction, as revised, is categorically a crime involving moral turpitude.

## I. BACKGROUND

Sergey Zhovtonizhko, a citizen and national of Ukraine, immigrated with his family to the United States in 1992. He is a lawful permanent resident and has lived in Washington since he arrived as a refugee. In June 2016 and November 2018, Zhovtonizhko was convicted of attempting to elude police in violation of RCW § 46.61.024. The facts underlying these convictions are not relevant for our purposes. In June 2019, the Department of Homeland Security charged him as removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude not arising out of a single scheme

of criminal misconduct. Zhovtonizhko filed a motion to terminate his removal proceedings, arguing that his convictions were not crimes involving moral turpitude. The Immigration Judge (IJ) held that RCW § 46.61.024 is categorically a crime involving moral turpitude, denied Zhovtonizhko's motion to terminate, and found him removable as charged.[1] Zhovtonizhko timely appealed to the BIA.

The BIA dismissed Zhovtonizhko's appeal based on *Matter of Ruiz-Lopez*, 25 I. & N. Dec. 551 (BIA 2011). In *Matter of Ruiz-Lopez*, the BIA held that a conviction under a prior version of RCW § 46.61.024 was categorically a crime involving moral turpitude. The prior version of the statute, promulgated in 1983, provided in part:

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring to a stop *and who drives his vehicle in a manner indicating a wanton or willful disregard for the lives or property of others* while attempting to elude a pursuing police vehicle, after being given visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony.

RCW § 46.61.024 (1983) (emphasis added).

---

[1] At a subsequent hearing, Zhovtonizhko applied for cancellation of removal for certain permanent residents under 8 U.S.C. § 1229b(a). The IJ denied the application on discretionary grounds. On appeal, the BIA agreed with the IJ's denial cancellation of removal on discretionary grounds. Zhovtonizhko does not seek review of the agency's discretionary denial of his application for cancellation of removal.

In 2003, the Washington Legislature amended the statute. The Legislature  removed the language requiring "wanton or willful disregard for the lives or property of others," and replaced it with the requirement that an individual drive "in a reckless manner."  The BIA acknowledged that there had been a change in the statute, but concluded that it made no difference because *Matter of Ruiz-Lopez* had reasoned that "'willful,' 'wanton,' or 'reckless' may be used interchangeably." *See* 25 I. & N. Dec. at 555. The BIA held that "recklessness is a sufficiently culpable mental state for moral turpitude purposes."

Zhovtonizhko filed a timely petition for review.

## II.  JURISDICTION AND STANDARD OF REVIEW

The BIA had jurisdiction over Zhovtonizhko's appeal under 8 C.F.R. § 1003.1(b)(3).  We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a). We review de novo whether a state conviction is a removable offense. *Walcott v. Garland*, 21 F.4th 590, 593 (9th Cir. 2021).

## III.  DISCUSSION

Under the Immigration and Nationality Act (INA), a non-citizen may be removed from the country if he has been "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1227(a)(2)(A)(ii).  To determine whether a conviction qualifies as a crime involving moral turpitude, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990).  "The first step is to identify the elements of the statute of conviction." *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir. 2013), *overruled on other grounds by Ceron v. Holder*, 747 F.3d 773 (9th Cir.

2014) (en banc).  At this step, we review the elements of the statute de novo because "[t]he BIA has no special expertise by virtue of its statutory responsibilities in construing state or federal criminal statutes and, thus, has no special administrative competence to interpret the petitioner's statute of conviction." *Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009); *see also Barbosa v. Barr*, 926 F.3d 1053, 1057 (9th Cir. 2019) (as amended).  "The second step is to compare the elements of the statute of conviction to the generic definition of a crime of moral turpitude and decide whether the conviction meets that definition." *Castrijon-Garcia*, 704 F.3d at 1208.  At this step, we "give some degree of deference to the BIA's decision." *Ramirez-Contreras v. Sessions*, 858 F.3d 1298, 1302 (9th Cir. 2017).

Zhovtonizhko was convicted under Washington's attempt to elude statute, RCW § 46.61.024(1).  Both at the time of his conviction and currently, it provides:

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony.

RCW § 46.61.024(1).  Accordingly, the crime requires two elements, each with a different mens rea: (1) willfully failing or refusing to immediately stop for a police vehicle after being signaled to do so, and (2) driving in a reckless manner while attempting to elude the pursuing vehicle.

The first element—willfully failing to stop—is the same as in the 1983 version of the statute. The Washington Revised Code provides that willfulness "is satisfied if a person acts knowingly . . . ." RCW § 9A.08.010(4). Accordingly, "[i]n the context of the eluding statute, . . . [w]illfullness . . . is identical with knowledge." *State v. Flora*, 249 P.3d 188, 191 (Wash. Ct. App. 2011) (quoting *State v. Mather*, 626 P.2d 44, 46 (Wash. 1981)). The parties do not dispute this element.

Washington altered the second element when it revised the statute in 2003. Instead of requiring proof of "a wanton or willful disregard for the lives or property of others," the current version of RCW § 46.61.024 requires proof that the vehicle was driven "in a reckless manner." Although the term "reckless manner" is not defined in RCW § 46.61.024 or elsewhere in the Washington Motor Vehicle Code, the Washington Supreme Court has held that operating a motor vehicle in a reckless manner means operating it in "a rash or heedless manner, indifferent to the consequences." *State v. Roggenkamp*, 106 P.3d 196, 199–200 (Wash. 2005) (en banc); *see also State v. Ratliff*, 164 P.3d 516, 518 (Wash. Ct. App. 2007).

The parties disagree whether operating a vehicle in "a rash or heedless manner, indifferent to the consequences," is materially different from knowingly operating a vehicle with a "wanton or willful disregard for the lives or property of others." The BIA said that it was "unable to discern" a difference between the two formulations. We conclude that under Washington law the terms are materially different. In *Roggenkamp*, the Washington Supreme Court carefully dissected the terms "in a reckless manner" and "reckless driving" and found that, although "reckless" functions as an adjective in both terms, the terms must be read as a whole,

and they are "each terms of art." 106 P.3d at 200.**²**  Using various interpretive canons, the Court concluded that "'reckless manner' . . . [*cannot*] be defined as 'willful or wanton disregard for the safety of persons or property,'" which is the standard required to prove reckless driving. *Id*. at 203; *see also id.* at 202, 204.

Following *Roggenkamp*, Washington courts have held that the 2003 change in the eluding police statute reduced the mental state necessary to prove the crime. *See, e.g.*, *State v. Ridgley*, 174 P.3d 105, 110 (Wash. Ct. App. 2007) ("[T]he term 'reckless manner' contemplate[s] a *lesser* mental state than that of the 'willful or wanton' standard."). In *Ratliff*, the Washington Court of Appeals explained that "[p]rior to 2003 the [eluding police] statute required a showing of willful or wanton disregard for the lives or property of others.  But the legislature replaced that language with 'reckless manner' in 2003.  By doing so, it clearly intended to remove the willful and wanton standard from this statute." 164 P.3d at 518.  And in *State v. Hunley*, 253 P.3d 448 (Wash. Ct. App. 2011), the Washington Court of Appeals summarized the state of the law, explaining that it is now "well settled" in Washington that driving "in a reckless manner" is "a lower mental state than the 'willful or wanton' mental state for reckless driving."  *Id*. at 452.  The implications are important:

> Because one can drive 'in a reckless manner' without 'willful or wanton disregard for the safety of persons or property,' one can be

---

² *Roggenkamp* did not involve eluding police under RCW § 46.61.024, but vehicular homicide, RCW § 46.61.520, and vehicular assault, RCW § 46.61.522, both of which include the term "reckless manner."

> guilty of attempting to elude a police vehicle without being guilty of reckless driving. Consequently, reckless driving is not a lesser included offense in attempting to elude a police vehicle . . . .

*Id.*

The BIA did not consider any of the implications of Washington's change in § 46.61.024. Rather, the BIA simply equated "reckless manner" with "recklessness" and cited *Matter of Ruiz-Lopez* for the proposition that "recklessness" combined with "reprehensible conduct" could constitute a crime involving moral turpitude. *See* 25 I. & N. Dec. at 553. In *Matter of Ruiz-Lopez*, the BIA quoted a 1985 decision from the Washington Court of Appeals that defined "reckless" as "willful" or "wanton" behavior:

> The usual meaning assigned to "willful," "wanton," or "reckless," according to taste as to the word used, is that the actor has *intentionally* done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which thus is usually accompanied by a conscious indifference to the consequences.

*Id*. at 555 (quoting *State v. Brown*, 697 P.2d 583, 586 (Wash. Ct. App. 1985)). In light of subsequent Washington decisions refining its jurisprudence, the statement from *Brown* is too general to support the BIA's proposition. In some circumstances, "reckless" may be the equivalent of

"willful or wanton," but under current Washington law, "reckless manner" is *not* the equivalent of "recklessness," and "reckless manner" is the required mens rea in Zhovtonizhko's statute of conviction. The BIA erred in relying on *Matter of Ruiz-Lopez* without considering the material changes to the mens rea requirements in RCW § 46.61.024 and the Washington courts' reading of those changes. Although "not every change in state law necessarily undermines our precedent or BIA precedent[,] . . . 'intent [is] a crucial element in determining whether a crime involves moral turpitude.'" *Ceron*, 747 F.3d at 781 (second alteration in original).

The BIA's perfunctory construction of the crime's elements necessarily created a flawed foundation for its subsequent categorical analysis. Having established that "reckless manner" has a distinct definition in Washington law, we remand to the BIA to reconsider whether the current iteration of RCW § 46.61.024 categorically falls within the federal definition of a crime involving moral turpitude. We express no view on that question.

## IV.  CONCLUSION

For the foregoing reasons, we grant the petition and remand for further proceedings consistent with this decision.

**GRANTED and REMANDED.**