# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57779-8-II |
| Respondent, | |
| v. | |
| JASON DEAN WALKER, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Jason D. Walker challenges his conviction for attempting to elude a police vehicle. Walker argues that the State failed to provide sufficient evidence at trial to show that he was driving in a reckless manner or was actually attempting to elude. We disagree and affirm.

## FACTS

On a dark and rainy evening in April 2022, around 9:00 p.m., Walker drove his black truck into a ditch along the side of the road. After a passing driver reported Walker's truck, Trooper Schahfer arrived on the scene in his uniform and in a marked patrol vehicle. Trooper Schahfer observed a white truck on the road, which appeared to be preparing to pull Walker's truck out of the ditch.

The white truck successfully pulled Walker's truck out of the ditch, but Walker's truck was then positioned in the lane of oncoming traffic. Schahfer approached Walker while he was still in his truck. As Walker handed Trooper Schahfer his driver's license, the trooper noticed Walker's eyes were bloodshot and watery and he smelled of alcohol. Trooper Schahfer asked if Walker had

been drinking, and Walker replied, "a little bit." Verbatim Rep. of Proc. (Nov. 15, 2022) at 153; Ex. 3, at 6 min., 53 sec. to 6 min., 57 sec.

Trooper Schahfer asked Walker to pull over to the shoulder so he would not be blocking oncoming traffic, but Walker asked if the trooper could follow him to his house instead. The trooper said no and told Walker to pull up no further than a nearby speed limit sign. At that point, the white truck was still at the scene, stopped in the correct lane of travel. Walker pulled forward but past the point identified by the trooper. Walker finally stopped behind the white truck. Trooper Schahfer began to approach Walker on foot. But then Walker suddenly pulled into the oncoming lane of traffic to pass the white truck and drove away.

Trooper Schahfer ran back to his patrol vehicle and began to follow Walker with his emergency lights activated. The trooper believed Walker was trying to get away from him because Walker accelerated and began to exceed the speed limit. Trooper Schahfer received permission from a supervisor to pursue Walker and activated his patrol vehicle's sirens. Despite the wet conditions, and although the speed limit was 35 miles per hour, Walker drove at speeds of around 45 to 50 miles per hour. The road was winding and Walker was forced to slow down to take some turns. Trooper Schahfer managed to catch up to Walker, but Walker did not pull over. During his pursuit, the trooper observed Walker's truck veer right, out of the lane of travel and onto the shoulder, twice, although Walker also appeared to have used his turn signal before making at least one turn. The pursuit lasted about two minutes.

Walker eventually approached his driveway. Walker veered over into the oncoming lane, swung his truck too wide, and missed the entry to his driveway. Walker was forced to back his truck into the oncoming lane in order to reposition his truck and pull into his driveway.

2

Trooper Schahfer got out of his patrol vehicle and placed Walker under arrest. Walker was thereafter cooperative. The trooper then transported Walker to the Tumwater Police Department, where Walker was administered breathalyzer tests that produced multiple samples well-exceeding the legal limit (0.254, 0.256, 0.268, and 0.267 blood alcohol levels). Trooper Schahfer was also advised that Walker was required to have an ignition interlock device, but his truck did not have one.

Walker was charged with attempting to elude a police vehicle, driving under the influence, and driving without an ignition interlock device.

Walker's case proceeded to a jury trial. Trooper Schahfer testified for the State consistent with the facts above. The State also introduced video of the evening's events from the trooper's patrol vehicle's dash camera. The jury found Walker guilty on all charges.

Walker appeals.

ANALYSIS

Walker challenges the sufficiency of the evidence for his conviction of attempting to elude a police vehicle.

Evidence is sufficient to support a guilty verdict if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could find that all of the elements of the crime charged were proven beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). When a defendant challenges the sufficiency of the evidence, he admits the truth of the State's evidence, and all reasonable inferences drawn from that evidence are to be construed in favor of the State. *Id.* at 265-66.

3

To prove Walker attempted to elude a police vehicle, the State was required to show he "(1) willfully failed (2) to immediately bring his vehicle to a stop (3) and drove in a reckless manner (4) while attempting to elude police after a uniformed officer had signaled him to stop." *State v. Chouap*, 170 Wn. App. 114, 123, 285 P.3d 138 (2012), *review denied*, 182 Wn.2d 1003 (2015); RCW 46.61.024.

I. THERE IS SUFFICIENT EVIDENCE SHOWING WALKER DROVE IN A RECKLESS MANNER

Walker focuses his arguments on the last two of the elements of the crime—driving in a reckless manner and attempting to elude. First, Walker argues the State did not provide sufficient evidence to show he drove in a reckless manner. Walker argues that his actions fell short of reckless driving because he only drove 10 to 15 miles per hour over the speed limit, slowed down at times, used his turn signal before turning, and did not frighten or endanger any pedestrians. We disagree.

For purposes of attempting to elude a police vehicle, driving in a "reckless manner" means the driving was in a " 'rash or heedless manner, with indifference to the consequences.' " *State v. Naillieux*, 158 Wn. App. 630, 644, 241 P.3d 1280 (2010) (internal quotation marks omitted) (quoting *State v. Ratliff*, 140 Wn. App. 12, 16, 164 P. 3d 516 (2007)).

Construed in favor of the State, the facts in this case meet that definition. Walker drove around the white truck that pulled his truck out of the ditch, into the oncoming traffic lane in order to pass. Walker then drove 10 to 15 miles per hour over the speed limit in wet, rainy conditions and veered out of his lane and onto the shoulder multiple times. When pulling into his driveway, Walker swerved into the oncoming lane, took the turn too wide, and missed his driveway, forcing him to back up into the oncoming lane to reposition his truck. That these actions are strong

4

indicators of recklessness is further supported by Walker's breathalyzer readings that were over three times the legal limit. When viewed in the light most favorable to the State, a rational trier of fact could find that Walker's actions were rash and with indifference to consequences beyond a reasonable doubt, showing he was recklessly driving.

## II. THERE IS SUFFICIENT EVIDENCE SHOWING WALKER ATTEMPTED TO ELUDE TROOPER SCHAHFER

Walker's second argument focuses on the last element of the crime—whether the State provided sufficient evidence to show he was attempting to elude Trooper Schahfer. Walker argues that because he slowed down around corners, did not speed away once the trooper caught up to him, and was cooperative once he arrived at his house, the evidence shows Walker was merely trying to get home, not trying to elude the trooper. We disagree.

Construed in favor of the State, the facts of this case support the conclusion Walker was attempting to elude the trooper. Trooper Schahfer asked Walker to pull off the road, and Walker asked if he could drive home instead. The trooper declined and instructed Walker to pull over to the shoulder before a nearby sign. Walker then drove past where the trooper instructed and stopped instead behind the white truck. The trooper followed on foot. But as Trooper Schahfer got closer, Walker suddenly pulled his car around the white truck and drove away—forcing the trooper to run back to his patrol vehicle and pursue Walker with his lights and sirens activated. Walker drove quickly on a dark, wet, and winding road, 10 to 15 miles per hour over the speed limit. When Trooper Schahfer caught up to him, Walker still did not slow down or pull over. When viewed in the light most favorable to the State, especially with all reasonable inferences construed in favor of the State, a rational trier of fact could determine beyond a reasonable doubt that Walker was trying to elude Trooper Schahfer.

No. 57779-8-II

When the appropriate standard of review is applied, Walker fails to show the State lacked sufficient evidence for any element of attempting to elude a police vehicle. His appeal fails.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

MAXA, J.